ALICE M. BATCHELDER, Chief Judge,
concurring.
I am in complete agreement with the lead opinion’s conclusion and reasoning. The district court’s decision to dismiss, with prejudice, Michigan Surgery’s claims *578 without any notice or opportunity to withdraw the motion for voluntary dismissal is troubling, and I believe it is completely appropriate to reverse and remand. I write separately only to highlight a peculiar point of procedural history in this case which deserves additional scrutiny.
The physicians filed, as their first responsive pleading in this case, a “Motion for Summary Judgment Pursuant to Fed. R.Civ.P. 12(b)(1),” arguing a lack of subject matter jurisdiction. After Michigan Surgery filed its Amended Complaint, the physicians filed a second “Motion for Summary Judgment,” again arguing lack of subject matter jurisdiction. Prior to the resolution of the physicians’ second motion, Michigan Surgery filed its motion for voluntary dismissal, pursuant to Fed. R.Civ.P. 41(a)(2). Rule 41(a)(2) requires permission of the court, and the question before us is whether the district court erred in its grant of Michigan Surgery’s motion with prejudice. However, it is not clear that Rule 41(a)(2) was the correct rule to apply in this case.
Prior to the filing of an answer or a motion for summary judgment, a plaintiff may voluntarily dismiss its claims without obtaining permission of the court, and that dismissal would be without prejudice. Fed.R.Civ.P. 41(a)(1). Only after an answer or motion for summary judgment has been filed does the plaintiff require the permission of the opposing party or the court to dismiss the claims. Fed.R.Civ.P. 41(a)(1)-(2). The physicians’ motion was not a motion for summary judgment, regardless of the title chosen by the physicians,[1] so when Michigan Surgery filed its motion for voluntary dismissal, the physicians had filed nothing with the court that would have precluded Michigan Surgery from dismissing their claims under Rule 41(a)(1). Interestingly, the district court treated the physicians’ motion as a motion to dismiss, which it clearly was, yet the district court failed to recognize the full import of that determination. Specifically, because the physicians had filed neither an answer nor a motion for summary judgment, the district court could have, and perhaps should have, treated Michigan Surgery’s motion for voluntary dismissal as having been filed under Rule 41(a)(1) and directed the dismissal of the claims under that Rule.
Having failed to do so, of course, the district court was bound to follow our prior decisions requiring notice, opportunity to be heard on the issue, and opportunity to withdraw the motion for voluntary dismissal. As the lead opinion correctly notes, the district court failed to do so, requiring reversal and remand. The concerns I raise here serve only to strengthen the arguments in favor of dismissal without prejudice.

. The physicians’ choice to label as a motion for summary judgment what was clearly a motion to dismiss raises the specter of gamesmanship on the part of the physicians, forcing Michigan Surgery to expend additional resources in order to obtain permission of the court for voluntary dismissal.